1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL J. CICCOLELLI,                  No. 2:23-cv-0821 DB P

12              Plaintiff,

13      v.                                   ORDER

14  NATIONWIDE GENERAL INSURANCE
    COMPANY, et al.,
15
                Defendants.
16

17

18      Plaintiff, a federal prisoner proceeding pro se, has filed a civil rights action pursuant to 42

19  U.S.C. § 1983.  Plaintiff has filed an application to proceed in forma pauperis pursuant to 28

20  U.S.C. § 1915.

21      The federal venue statute provides that a civil action "may be brought in (1) a judicial

22  district in which any defendant resides, if all defendants are residents of the State in which the

23  district is located, (2) a judicial district in which a substantial part of the events or omissions

24  giving rise to the claim occurred, or a substantial part of property that is the subject of the action

25  is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

26  this action, any judicial district in which any defendant is subject to the court's personal

27  jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

28  ////

In this case, the claim arose in Salt Lake County, which is in the District of Utah. Therefore, plaintiff's claim should have been filed in the United States District Court for the District of Utah. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the District of Utah.

Dated: June 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
cicc0821.21

2