THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL J. CICCOLELLI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-388-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

While held as a federal prisoner in California, *pro se* plaintiff, Michael J. Ciccolelli, Jr., brought this civil action *in forma pauperis*. Having now screened the Complaint under its statutory review function, *see* 28 U.S.C. § 1915(e)(2)(B), the court orders the Plaintiff to file an amended complaint curing the deficiencies identified below before further pursuing his claims.

## A.

The complaint: (1) does not specify a cause of action under which Plaintiff proceeds—e.g., breach of contract; and (2) does not properly link each named defendant to each element of a cause of action.

## B.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." The requirements of Rule 8 are meant to guarantee "that defendants enjoy fair

notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

*Pro se* litigants are not excused from meeting these minimal pleading demands. "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a *pro se* litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The Plaintiff should consider these points before filing an amended complaint:

• The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating that an amended complaint supersedes the original). Also, an amended complaint may not be added to after filing unless the Defendants consent or the court grants a motion for leave to amend. *See* Fed. R. Civ. P. 15.

• Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and linked to each element of each claim against that defendant within the "cause of action" section of the complaint.

• Each cause of action, together with the facts and citations that directly support it, should be stated separately. The Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *See Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The

[*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

*     *     *

1.     Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

2.     The Clerk's Office shall mail Plaintiff the *Pro Se* Litigant Guide with a blank-form generic civil complaint which Plaintiff must use to pursue an amended complaint.

3.     If Plaintiff fails to cure the above deficiencies according to this Order's instructions in a timely manner, this action will be dismissed without further notice.

4.     The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, which center on the June 2021 installation of a security system in the Plaintiff's business and the August 2021 burglary. *See* Dkt. No. 1 at 8–9, ¶¶ 1–15. The court will not address, and will dismiss, any new claims or allegations not related to these events. If he wishes to raise other claims and allegations, the Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

5.     The Plaintiff must tell the court of any address change and timely comply with court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify

the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6.  Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7.  No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk's Office.

8.  The Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

9.  Docket Number 24, the Defendants' Motion to Strike Waivers of Service is **GRANTED**. The Plaintiff sent the waivers of service to the Defendants. But, as noted in an earlier order in this case, because Plaintiff proceeds *in forma pauperis*, "the officers of the court

4

shall issue and serve all process, and perform all duties in such cases." Dkt. No. 23 (quoting 28

U.S.C. § 1915(d) (cleaned up)).

**IT IS SO ORDERED.**

Dated this 31st day of March, 2025.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

"